IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JAY ANTHONY RICHITELLI | § | |
| VS. | § | CIVIL ACTION NO. 1:17cv507 |
| FRANK LARA | § | |

## MEMORANDUM OPINION REGARDING TRANSFER

Petitioner Jay Anthony Richitelli, an inmate currently confined at the United States Penitentiary located in Tucson, Arizona, proceeding *pro se*, brings this petition for writ of habeas corpus contesting the propriety of two prison disciplinary reports.

## Discussion

Petitioner brings this petition for writ of habeas corpus contesting the propriety of two prison disciplinary reports. Petitioner received the first disciplinary report, Report No. 2654282, while he was confined at the United States Penitentiary located in Tucson, Arizona. Petitioner received the second disciplinary report, Report No. 2712598, while he was confined at the United States Penitentiary in Florence, Colorado.

## Analysis

Title 28 U.S.C. § 2241(a) provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." "To entertain a § 2241 habeas petition, the district court must, upon the filing of the petition, have jurisdiction over the prisoner or his custodian." *United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (citation omitted). A § 2241 petition must be filed in the district where the petitioner is incarcerated. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).

Petitioner was confined at the United States Penitentiary in Florence, Colorado when he filed the original petition which forms the basis of this action. Jurisdiction over a petitioner's habeas corpus petition attaches at the time of the filing of the petition. *Lee v. Wetzel*, 244 F.3d 370, 375, n. 5 (5th Cir. 1990); *see also Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985) ("It is well established that jurisdiction attaches on the initial filing for habeas corpus relief[.]")

Pursuant to 28 U.S.C. § 85, Colorado constitutes one judicial district. Florence, Colorado is located nearest to the United States District Court in Colorado Springs, Colorado. As petitioner is not incarcerated in the Eastern District of Texas, this court is without jurisdiction to consider petitioner's petition for writ of habeas corpus; subject-matter jurisdiction cannot be waived. *See DeCell & Associates v. F.D.I.C.*, 36 F.3d 464, 471 (5th Cir. 1991).

Under 28 U.S.C. § 1404(a), for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it could have been brought. Such a transfer may be done *sua sponte* and is reviewable only for an abuse of discretion. *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

After considering the circumstances, the court has determined that the interests of justice would best be served if this petition were transferred to the district in which the petitioner was confined when he filed the petition rather than dismissed for lack of jurisdiction. An Order of Transfer so providing shall be entered in accordance with this Memorandum Order.

**SIGNED this the 29th day of March, 2018.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE